```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/22/13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

S.M.,

                        Plaintiff,

            - against -

OXFORD HEALTH PLANS (NY), INC.,
a/k/a OXFORD HEALTH INSURANCE,
INC.; OXFORD HEALTH PLANS, LLC;
UNITED HEALTHCARE SERVICES, INC.;
and UNITEDHEALTH GROUP
INCORPORATED,

                        Defendants.

**MEMORANDUM**
**OPINION & ORDER**

12 Civ. 4679 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        On May 10, 2012, Plaintiff S.M.[1] filed a complaint against Defendants Oxford Health Plans (NY), Inc., a/k/a Oxford Health Insurance, Inc., Oxford Health Plans LLC, United HealthCare Services, Inc., and UnitedHealth Group Inc. (collectively "Oxford" or "Defendants"), in the Supreme Court of the State of New York, New York County.[2] (Cmplt.)[3] S.M. was diagnosed with non-Hodgkin's lymphoma, a potentially fatal cancer affecting white blood cells, in 2008. (Id. ¶¶ 12-13). Through her husband, S.M. is a beneficiary of an Oxford group health plan. (Id. ¶¶ 5, 20 n.2)

---

[1] On June 29, 2012, this Court ordered that the notice of removal and its exhibits be sealed, that other docketed documents be redacted to protect Plaintiff's privacy, and that Plaintiff be referred to by her initials in court filings, in accordance with Rule F(2) of this Court's Individual Practices. (Dkt. No. 9) As discussed below, S.M. suffers from non-Hodgkins lymphoma. She has kept her illness and treatment private, and has demonstrated by affidavit that disclosure of her illness would likely damage her business. (Id.)

[2] Oxford Health Plans (NY), Inc., a/k/a Oxford Health Insurance, Inc., Oxford Health Plans LLC, and United HealthCare Services, Inc., are all wholly owned subsidiaries of UnitedHealth Group Inc. (Dkt. No. 8 (Rule 7.1. Statement))

[3] The Complaint is attached to Defendants' Notice of Removal, Exhibit A. (Dkt. No. 1)

Plaintiff claims that Defendants have improperly denied her coverage for Gamunex, a drug prescribed by her oncologist to address Plaintiff's pneumonia. (Id. ¶¶ 17-19, 28-29, 37) Oxford denied coverage for Gamunex on the ground that it was "not medically necessary." (Id. ¶ 29) The Complaint asserts state law claims for fraud, unjust enrichment, and deceptive trade practices under New York General Business Law Section 349. (Id. ¶ 4)

On June 14, 2012, Defendants removed this action to this Court on the basis of federal question jurisdiction, alleging that S.M.'s state law claims "involve attempts to recover benefits, to enforce rights, to clarify future rights and otherwise involve legal claims that 'relate to' an employee welfare benefit plan [subject to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, et seq. ('ERISA')]," and thus are preempted by ERISA. (Dkt. No. 1 at 2) On August 14, 2012, S.M. filed a motion to remand this action to state court.[4] (Dkt. No. 17) For the reasons stated below, S.M.'s motion to remand will be denied.

## DISCUSSION

I. **LAW GOVERNING REMAND MOTIONS**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant" to federal court. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law where "'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 690

---

[4] While, as discussed below, S.M. argues that her state law claims are not preempted by ERISA, she has not disputed that the Oxford health plan at issue is an ERISA plan.

(2006) (quoting Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 27-28 (1983)).

Under the well-pleaded complaint rule, a plaintiff is "free to avoid federal jurisdiction by pleading only state claims even where a federal claim is also available." Marcus v. AT&T Corp., 138 F.3d 46, 52 (2d Cir. 1998). Plaintiffs are limited only by the artful pleading doctrine – "an independent corollary of the well-pleaded complaint rule" – which prevents a plaintiff from defeating federal jurisdiction by "omitting to plead necessary federal questions in a complaint." Franchise Tax Bd. of Cal., 463 U.S. at 22. Federal jurisdiction may not be premised on the assertion of a federal defense, however, "even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is [essential to adjudication of the claim]." Id. at 14.

One well-recognized exception to the well-pleaded complaint rule allows state claims to be removed "when a federal statute wholly displaces the state-law cause of action through complete pre-emption." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 8 (2003); see also Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987). "ERISA is one of these statutes." Aetna Health Inc. v. Davila, 542 U.S. 200, 208 (2004).

In assessing whether a plaintiff's state law claim "necessarily depends on resolution of a substantial question of federal law," Empire Healthchoice Assurance, Inc., 547 U.S. at 689-90 (internal quotation omitted), courts must determine whether the claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005).

The party seeking to preserve removal has the burden of proving that federal jurisdiction exists. See Pan Atl. Group v. Republic Ins. Co., 878 F. Supp. 630, 638 (S.D.N.Y. 1995). The Second Circuit has held that courts must "'construe the removal statute narrowly, resolving any doubts against removability.'" Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 274 (2d Cir. 1994) (quoting Somlyo v. J. Lu-Rob Enters., Inc., 932 F.2d 1043, 1045-46 (2d Cir. 1991)).

## II. PLAINTIFF'S CLAIMS ARE PREEMPTED BY ERISA

### A. The Scope of ERISA Preemption

"Congress enacted ERISA to 'protect . . . the interests of participants in employee benefit plans and their beneficiaries' by setting out substantive regulatory requirements for employee benefit plans and to 'provid[e] for appropriate remedies, sanctions, and ready access to the Federal courts.'" Arditi v. Lighthouse Int'l, 676 F.3d 294, 299 (2d Cir. 2012) (quoting Davila, 542 U.S. at 208 (quoting 29 U.S.C. § 1001(b))). Section 502(a) of ERISA, 29 U.S.C. § 1132(a), "provides participants or beneficiaries with a civil remedy to recover benefits due under their plans, to enforce rights under their plans, or to clarify rights to future benefits under their plans." Arditi, 676 F.3d at 299; see also Davila 542 U.S. at 208.

"If a participant or beneficiary believes that benefits promised to him under the terms of the plan are not provided, he can bring suit seeking provision of those benefits [under ERISA Section 502(a)(1)(B)]. A participant or beneficiary can also bring suit generically to 'enforce his rights' under the plan, or to clarify any of his rights to future benefits."[5] Davila, 542 U.S. at 210.

---

[5] Section 502(a) of ERISA provides:

> A civil action may be brought – (1) by a participant or beneficiary – . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under

4

ERISA's preemptive scope is "expansive" as a result of Congress' intent to provide a "uniform regulatory regime over employee benefit plans," and to make regulation of employee benefit plans "exclusively a federal concern." Davila, 542 U.S. at 208 (internal quotation omitted). "[A]ny state-law cause of action that duplicates, supplements, or supplants ERISA [Section 502(a)] civil enforcement remedy . . . is . . . pre-empted." Davila, 542 U.S. at 209. In other words, "the ERISA [Section 502(a)] civil enforcement mechanism [has] such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" Id. (quoting Metro. Life, 481 U.S. at 65-66). Thus, "causes of action within the scope of the civil enforcement provisions of § 502(a) [are] removable to federal court." Id. (quoting Metro. Life, 481 U.S. at 66) (internal quotation omitted).

"ERISA preempts a [state law] cause of action where: (1) 'an individual, at some point in time, could have brought his or her claim under ERISA § 502(a)(1)(B);' and (2) ' no other independent legal duty . . . is implicated by a defendant's actions.'" Arditi, 676 F.3d at 299 (quoting Davila, 542 U.S. at 210); see also Montefiore Med. Ctr. v. Teamsters Local 272, 642 F.3d 321, 328 (2d Cir. 2011) (applying the Davila test). Under the first prong of the Davila test, courts consider "[f]irst . . . whether the plaintiff is the type of party that can bring a claim pursuant to § 502(a)(1)(B); and second . . . whether the actual claim that the plaintiff asserts can be construed as a colorable claim for benefits pursuant to § 502(a)(1)(B)." Montefiore, 642 F.3d at 328 (emphasis in original); see also N. Shore - Long Island Jewish Health Sys., Inc. v. Local 272 Welfare Fund, 12 CV 1056 CM, 2013 WL 174212, at *5 (S.D.N.Y. Jan. 15, 2013).

---

the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

29 U.S.C. § 1132(a)(1)(B).

5

"While ERISA may completely preempt claims that qualify as § 502(a)(1)(B) claims, the import of the Circuit's [application of Davila] is that not all claims related to ERISA plans can be brought under § 502(a)(1)(B) and, accordingly, are not all preempted." Neuroaxis Neurosurgical Associates, PC v. Cigna Healthcare of New York, Inc., 11 CIV. 8517 BSJ AJP, 2012 WL 4840807 (S.D.N.Y. Oct. 4, 2012) (citing Montefiore, 642 F.3d at 324-25, 327-32). However, courts "need only locate a single preempted claim to establish a basis for the exercise of federal subject matter jurisdiction." Montefiore, 642 F.3d at 331 n. 11. "To determine whether [a plaintiff's] causes of action fall 'within the scope' of ERISA § 502(a)(1)(B), [courts] must examine [the plaintiff's] complaint[], the statute on which [her] claims are based[,] and the various plan documents." Davila, 542 U.S. at 211.

**B.   Analysis**

Defendants argue that S.M.'s state law claims all allege that Defendants "improperly processed [S.M.'s] claim for benefits under the ERISA Plan" and deprived S.M. of "medically necessary treatment." (Not. of Removal (Dkt. No. 1) ¶ 15) As a consequence, Defendants argue, S.M.'s claims are preempted, because "relief cannot be granted . . . without establishing [S.M.'s] rights to recover benefits, enforcing those rights, clarifying those rights, or otherwise determining the propriety of Defendants' processing of [S.M.'s] claim for benefits under the ERISA plan." (Id.)

"The first requirement for ERISA preemption is that the Plaintiff must have standing to bring a claim under § 502(a)(1)(B)." Neuroaxis, 2012 WL 4840807, at *3 (S.D.N.Y. Oct. 4, 2012). This requirement is satisfied. Section 502 of ERISA authorizes a beneficiary[6] of an ERISA-governed plan such as S.M. to bring a civil action "to recover benefits due to h[er]

---

[6] Section 3(8) of ERISA, 29 U.S.C. § 1002(8), defines "beneficiary" as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder."

6

under the terms of [the] plan." 29 U.S.C. § 1132(a)(1); see also Davila, 542 U.S. at 211; Zummo v. Zummo, 11 CV 6256 (DRH), 2012 WL 3113813 (E.D.N.Y. July 31, 2012).

The claims S.M. asserts can also be construed as a colorable claim for benefits pursuant to Section 502(a)(1)(B) – i.e., a claim "to recover benefits due," "to enforce [] rights under," or "to clarify [] rights to future benefits" under the terms of an employee welfare benefit plan. 29 U.S.C. § 1132(a)(1)(B); see also Montefiore, 642 F.3d at 328. Claims involving the "right to payment" – those "that implicate coverage and benefits established by the terms of the ERISA benefit plan[ – ]constitute claims for benefits that can be brought pursuant to § 502(a)(1)(B) [and thus can be preempted]." Montefiore, 642 F.3d at 331; see also N. Shore - Long Island Jewish Health Sys., Inc., 2013 WL 174212, at *5.

"'Right to payment' claims involve challenges to benefits determinations, depend on the interpretation of plan language, and often become an issue when benefits have been denied." Neuroaxis, 2012 WL 4840807 at *4 (citing Montefiore, 642 F.3d at 330-32). By contrast, claims involving the "amount of payment" – those "regarding the computation of contract payments or the correct execution of such payments[ – ]are typically construed as independent contractual obligations between the provider and the PPO or the benefit plan." Montefiore, 642 F.3d at 331. Such claims "involve the calculation and execution of reimbursement payments, depend on the extrinsic sources used for the calculation, and are commonly tied to the rate schedules and arrangements included in provider agreements." Neuroaxis, 2012 WL 4840807, at *4 (citing Montefiore, 642 F.3d at 331).

S.M.'s claims all stem from Oxford's determination that Gamunex was "Not Medically Necessary." (Cmplt. ¶¶ 29-30). A determination of "medical necessity" is a "classic 'right to payment' – not 'amount of payment' – determination." Neuroaxis, 2012 WL 4840807

7

at *4; see also Lone Star OB/GYN Assocs. v. Aetna Health Inc., 579 F.3d 525, 530 (5th Cir. 2009) ("any determination of benefits under the plan – i.e., what is 'medically necessary' or a 'Covered Service' – does fall within ERISA"). Thus, S.M. "could have challenged [Oxford's] 'medical necessity' determination by filing a claim under § 502(a)(1)(B) 'to recover benefits due to [her] under the terms of [her] plan' and arguing that [Gamunex] was in fact 'medically necessary,' and was therefore a 'covered benefit.'" DiFelice v. Aetna U.S. Healthcare, 346 F.3d 442, 449 (3d Cir. 2003).

    The fact that S.M. claims that the "medical necessity" determination contradicted the views of her treating physician and allegedly was not made by a qualified medical professional (see Cmplt. ¶¶ 30, 39) does not change the analysis. In Danca v. Private Health Care Systems, Inc., the First Circuit held that "allegations that defendants (1) failed to follow [the treating] physician's recommendations and (2) failed to ensure that the evaluation of treatment requests [ ] were made and overseen by capable personnel in a competent manner, [were] . . . completely preempted." Danca, 185 F.3d 1, 6 (1st Cir. 1999). The court reasoned that "[w]hat matters . . . is that the conduct was indisputably part of the process used to assess a participant's claim for a benefit payment under the plan." Id.; see also Olchovy v. Michelin N. Am., Inc., No. CV 11-1733(ADS)(ETB), 2011 WL 4916891, at *4 (E.D.N.Y. Sept. 30, 2011)) (negligent misrepresentation claim was a colorable claim under ERISA where alleged misrepresentation by claims administrator implicated coverage and benefits determinations under the plan). Whether S.M.'s claim is framed as one for fraud, for a deceptive trade practice, or for unjust enrichment, her claim turns on Oxford's determination that Gamunex was "not medically necessary" and constitutes a claim "to recover benefits due" under Section 502(a)(1)(B).

Finally, "under Davila, a claim is completely preempted only if 'there is no other independent legal duty that is implicated by [the] defendant's actions.'" Montefiore, 642 F.3d at 332 (quoting Davila, 542 U.S. at 210). State law legal duties are not independent of ERISA where "interpretation of the terms of [the] benefit plan forms an essential part" of the claim and legal liability can exist "only because of [a defendant's] administration of [an] ERISA-regulated benefit plan[]." Davila, 542 U.S. at 213. In short, no independent legal duty is implicated when a defendant's obligations are "'inextricably intertwined with the interpretation of Plan coverage and benefits.'" Arditi, 676 F.3d at 299-300 (quoting Montefiore, 642 F.3d at 332).

Davila illustrates application of this rule. In that case, the plaintiff was a beneficiary under her husband's ERISA-regulated health plan. She sued the plan administrator under state law for its refusal to provide coverage for certain medical treatment recommended by the treating physician. See Davila, 542 U.S. at 204-05, 211. The Supreme Court concluded that because plaintiff brought "suit only to rectify a wrongful denial of benefits promised under ERISA-regulated plans," no legal duty independent of ERISA was implicated. Davila, 542 U.S. at 214; see also Montefiore, 642 F.3d at 332 (finding no independent legal duty where cause of action centered on a pre-approval process that was "expressly required by the terms of the Plan itself and [was] therefore inextricably intertwined with the interpretation of Plan coverage and benefits.") (emphasis omitted). Like the plaintiff in Davila, S.M. has sued "only to rectify a wrongful denial of benefits promised under [an] ERISA-regulated plan[]," and "[Defendants'] potential liability . . . derives entirely from the particular rights and obligations established by the benefit plan[]." See Davila, 542 U.S. at 210-11, 213.

Because S.M. only challenges a medical necessity determination that was required under the terms of an ERISA-regulated plan, Defendants' actions implicate no other independent legal duty.[7]

## CONCLUSION

For the reasons stated above, S.M.'s state law causes of action fall within the scope of Section 502(a)(1)(B) of ERISA, and are therefore completely preempted by ERISA. Accordingly, this action was properly removed to federal court, and S.M.'s motion to remand this action to state court (Dkt. No. 17) is DENIED.[8] The Clerk of the Court is directed to terminate the motion (Dkt. No. 17).

Dated: New York, New York
       March 21, 2013

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

---

[7] In arguing that her claims are not preempted by ERISA, S.M. cites Rush Prudential HMO, Inc. v. Moran, 536 U.S. 355 (2002), which involved an Illinois statute that is similar to New York Public Health Law Section 4910. See Pltf. Br. (Dkt. No. 19) at 4. In Rush, the Supreme Court found that claims brought under the Illinois statute were not preempted by ERISA. Rush has no application here. "Claims predicated on [Article 49 of the New York Public Health Law] apply only to [plans] that are not governed by ERISA and are therefore irrelevant for deciding this motion." Weisenthal v. United Health Care Ins. Co. of New York, 07 CIV. 1175 (LAP), 2007 WL 4292039, at *7 (S.D.N.Y. Nov. 29, 2007). Moreover, unlike the plaintiff in Rush, who sued to compel compliance with an Illinois statute (see Rush, 536 U.S. at 362), S.M.'s complaint does not allege a violation of, or even mention, New York Public Health Law Section 4910.

[8] In her brief in support of her motion to remand, S.M. requests leave to amend her Complaint in the event that the Court finds that her claims are preempted by ERISA. (Pltf. Br. (Dkt. No. 19) at 9) Any request for leave to amend is to be made by motion, in compliance with Federal Rule of Civil Procedure 15(a)(2).